UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COLONY INSURANCE COMPANY          CIVIL ACTION NO.: 09-441

VS

WANDA'S KIDS' WORLD, INC.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*
\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*
\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

### MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS PETITION FOR DECLARATORY JUDGMENT

**MAY IT PLEASE THE COURT:**

Mover herein, **WANDA'S KIDS' WORLD, INC.**, moves this Honorable Court to dismiss the application for declaratory judgment filed by Plaintiff, **COLONY INSURANCE COMPANY**, in that the court lacks subject matter jurisdiction, and in that there is another proceeding pending in state court in which matters in controversy between the parties can be fully decided.

**WANDA'S KIDS' WORLD, INC.**, made defendant herein, is a Louisiana corporation with its principal place of business in East Baton Rouge Parish, State of Louisiana. The corporation operated a daycare center in East Baton Rouge Parish. On July 1, 2009, a child was found expired in the daycare vehicle on the

-1-

daycare property.

Due to this incident, a survival and wrongful death action was filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on July 17, 2009 in the proceedings entitled and numbered:

> "Betty McElveen and Melvin Vasquez on behalf of Damyin McElveen vs. Wanda and William Connor d/b/a Wanda's Kids World, Flowers Insurance Company, Colony Insurance Company, State of Louisiana-Department of Social Services, Number: 580,480, Section 26, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana."

Since that time there has been activity in the state court action. Some of which has been the filing of three or more amended and supplemented pleadings, responses and memorandum , and the hearings and setting for hearings of various issues involving the case before the state trial court. National Fire and Marine Insurance Company and Wanda's Kids' World, Inc. were added as defendants in the state court action, making it seven (7) defendants in the action too date.

Wanda's Kids' World, Inc. was insured under a commercial general liability insurance policy with Colony Insurance Company, and under an automobile liability insurance policy with National Fire and Marine Insurance Company.

The commercial general liability insurance company, Colony Insurance Company, with knowledge of the state court action, initiated this application for declaratory judgment in the United States District Court for the Middle District of Louisiana seeking to be relieved of any liability for Wanda's Kids' World, Inc.,

-2-

their insured.

Wanda's Kids' World, Inc. had over the years engaged Colony Insurance Company as the provider of their commercial general liability coverage, and felt that their relationship would withstand a claim against it.  The insured had faithfully met their obligation to the insurer, and fully expected the insurer to honor its obligation to them.  Instead, their insurer sought relief in another forum, other than where the main action is pending, to escape any liability and responsibility to the Mover in this matter.

The Mover is before this court seeking to dismiss the insurer's action in the federal court with prejudice.

**ISSUE:** (1) Whether the federal court will yield its jurisdiction in favor of the state court, and dismiss the declaratory judgment action before it?

## LEGAL ARGUMENT:

### A.  LACK OF SUBJECT MATTER JURISDICTION:

*FRCP Rule 12 (b) (1)* provides that "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:

(1)  lack of subject-matter jurisdiction;..."

*FRCP Rule 12 (h)(3)* provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### B.  THE FEDERAL DECLARATORY JUDGMENT ACT:

The *Federal Declaratory Judgment Act, 28 USC Sec.2201*:
(a) In a case of actual controversy within its jurisdiction, except with.....
any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

### C. APPLICATION FOR ABSTENTION FROM THE DECLARATORY JUDGMENT ACTION:

Mover herein is aware of the concurrent jurisdiction of state and federal courts in matters involving declaratory judgment actions. These actions, which give rise to parallel litigation in state and federal courts in separate lawsuits, though allowed, tax the resources and time of all parties involved including the judiciary.

To maintain the status quo and allow the two actions to proceed separately is burdensome to the defendants and costly, and it is burdensome and costly to the courts in terms of resources and time. Moreover, under this guise the practice in a sense allows a form of forum shopping, which is not favored in the legal system. It is a means in which a party in the federal court declaratory judgment action may "shroud" a real and true action for summary judgment, only without having to prove its case and present facts in support of the issues.

The indispensable elements necessary to make the determination that the plaintiffs are seeking to have this court render, are fact based. In order to get the true facts regarding the responsibility of the commercial general liability insurance

company and to make a fair and just determination, it is necessary to look at the facts as they relate to the responsibility of the insurer, and not just the endorsements and exclusions contained in the policy. Much of the discovery in this case has been stifled in that there are police investigations continuing. Evidence and documents have been seized by them that plaintiffs nor defendants have had access. Moreover, witnesses are closed mouth, apparently per advise of counsel. It would be truly a travesty of law, at this point and under the prevailing circumstances, to relieve the insurer without an assessment of the facts surrounding the incident. It would further be a travesty to have two judges in two different, separate and distinct courts to express their positions with respect to the facts which determine the involvement of the insurer and prematurely decide the issues without the benefit of the entire case before it.

The issues are rightfully before the state court, which has and will have access to the facts of the case, the affidavits and testimony of the parties, all parties before it to determine the relationships of all of the parties, including all of the insurance companies. To isolate one insurance company based on the four corners of the policy cannot fairly and justly resolve the issues when the facts are absent.

The Mover desires that the federal court yield its jurisdiction in favor of the state court action thereby abstaining and declining to hear the matter, and dismiss this action with prejudice.

There are many cases through the years that have declined to hear cases such as the one before the court. The following is a review of some of those case.

In the case of **<u>Brillhart vs Excess Ins. Co. Of America</u>** (1942), 316 U. S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620, there was an issue raised by the insurer in federal court to be relieved of the duty to indemnify the insured. At the time that the insurer filed the declaratory judgment action in federal court a default judgment had been taken against the insured who had no representation. At the time of the federal filing, the action in the state court had proceeded to collection efforts. The respondent in the federal court action, the insured, filed a motion to dismiss contending that the issues that were now before the federal court could be better addressed in the state court action. The federal district court declined the case and dismissed the action, indicating a reluctance to prolong the litigation, without considering whether the claims asserted could under Missouri state law be handled better in state court than in federal court under the circumstances. The court further determined that the federal District Court had jurisdiction "but had no compulsion to exercise that jurisdiction" in a suit for declaratory judgement, it "is addressed to the discretion of federal District Court. The Circuit Court of Appeals reversed the federal district -5- court. The U. S. Supreme Court reversed and remanded the action with directions, that the District Court consider and assess the state court's ability to provide the forum for the issues brought by the insurer in the federal action.

In the case of **<u>Colorado River Water Conservation District vs U.S.</u>**, (1976), 424 U. S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483, the United States initiated an action on its behalf and on behalf of two Indian Tribes in Colorado to secure a declaration of its rights to waters in certain rivers in the state. The U.S. filed its action in federal court, then one of the parties initiated an action in state court and attempted to have the federal court action dismissed. Ultimately, the federal District Court decided that abstention was appropriate, the Circuit Court of Appeals reversed, and the U. S. Supreme Court decided that none of the traditional abstention doctrines met the criteria of the case and reiterated the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them". The Court further stated that:

> "Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations (established abstention doctrines), the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention."

The court further stated that:

> "It has been held, for example that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts..... This has been true even where the Government was a claimant in existing state proceedings and then sought to invoke district court jurisdiction under the jurisdictional provision antecedent to 28 U.S.C. Sec. 1345....In assessing the appropriateness of dismissal in the event of an exercise of concurrent

jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum....; the desirability of avoiding piecemeal litigation, cf. **_Brillhart v. Excess Ins. Co._**, supra; and the order in which jurisdiction was obtained by the concurrent forums,... No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required... Only the clearest of justifications will warrant dismissal."

In the case of **_Town of Charlton vs. Selective Insurance Company of America_** (N.D. N. Y. 2-4-2010) Docket Number: 1:09-CV-00333, the federal court stayed the action without dismissing it. The case determined clearly that the doctrine of abstention does not apply to the facts of the case, but it goes on to cite the **_Colorado River Water Conservation District case,_** supra, and states that:

> "The supreme court however has identified a fourth, prudential category, granting district courts the right to abstain for purposes of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.:" The Supreme Court identified six factors that district courts should consider in determining whether abstention is warranted. These are:

(1) the assumption of jurisdiction by either court over any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, and (4) the order in which jurisdiction was obtained, (5) whether state or federal law applies the rule and decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

For district court, it is stated in the case of **_Moses H. Cone Mem'l Hosp. Vs Mercury Const. Corp._**, 460 U. S. 1, 16 (1983), "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical

-8-

checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *The Town of Charlton* case, supra, also discusses parallel litigation, and asserts that the same issues, parties and facts should be present, but that it is not always a necessary factor if the case is so closely related to the issues and related to the existing suit.

In the case of *Sphere Drake Insurance Company vs. Tiger Tennis Camp* (USDC, MD La. 1993), 839 F. Supp. 403, 88 Ed. Law Rep. 579, the Federal District Court in Baton Rouge declined to exercise jurisdiction over the federal action and dismissed the case. The facts briefly are that the plaintiff, insurer, initiated a declaratory judgment action in federal court, subsequent to and during the pendency of a related state court action, for a determination of their obligations under a policy of liability insurance. The Honorable Court in deciding to dismiss the action, held that "declaratory judgment actions are not controlled by abstention doctrine as embodied in Supreme Court in the decisions of the *Moses H. Cone and Colorado River* cases, supra. The court then discussed the factors that were considered in making his decision.

The court in the *Sphere Drake Insurance Company* case, supra, cites the case of *Travelers Insurance Company vs. Farm Bureau Federation*, Inc., 996 F. 2d 774 (5th Cir. 1989) with respect to the fact of broad discretion being given to the federal

-9-

district court in determining whether to "decide or dismiss a declaratory judgment action". Notwithstanding, the **_Sphere_** court gave consideration to the "factors relevant to the abstention doctrine, which include: (I) whether there is a pending state court action in which all of the matters in controversy may be litigated; (ii) whether plaintiff filed suit in anticipation of a lawsuit filed by defendant; (iii) whether the plaintiff engaged in forum shopping in bringing the suit; (iv) whether there are possible inequities in allowing the declaratory plaintiff to change forums; (v) whether federal court is a convenient forum for the parties and witnesses; and (vi) whether retaining the lawsuit in federal court would be in the interests of judicial economy."

The court in the Sphere case, then decided that:

> **"After carefully considering the arguments of counsel, the court finds that the relevant factors weigh heavily in favor of abstention. First, the only basis for the federal jurisdiction is diversity of citizenship; thus all issues are state law issues particularly suited to resolution by the state courts. It is readily apparent that the state court proceedings encompass not only the coverage and defense issues which are raised here, but also the tort action itself. From the allegations of the complaint, it appears that plaintiff filed this action in anticipation of being made a party to the state court proceedings. Consequently, it further appears that plaintiff has engaged in forum shopping in bringing this action. While trying this case in federal court in Baton Rouge would be no less convenient or equitable than trying it in the Nineteenth Judicial District Court located here, it would clearly serve the interest of judicial economy to have all of the issues resolved in one forum. From the state court petition, it appears that there may be other insurance policies at issue involving similar (and perhaps additional insurance questions) best handled by one forum."**

Accordingly, the court declined to exercise jurisdiction over the declaratory action filed by plaintiff and this matter was dismissed without prejudice."

In the instant case, Mover contends that:

**(1)** There is a pending state court action in which all of the matters in controversy may be litigated, and there are two insurance companies involved, as well as other party defendants:

(a) Colony Insurance Company, the commercial general liability insurance company, and

(b) National Fire and Marine Insurance Company, the automobile liability insurance company.

The state court is already tasked with the responsibility of plowing through the facts of the case, reviewing and studying all of the pleadings, listening to the witnesses, reviewing and receiving the evidence, presiding over exceptions and motions- including motions to dismiss, and otherwise becoming completely familiar with the case, the parties, the facts, then deciding the issues and the case. Moreover, in the state court action there are many allegations in the pleadings with respect to the manner in which the incident occurred. In contrast, Colony has put forth its point of view in federal court in its effort to be absolved from any responsibility, that the child was found in the vehicle so that, in Colony's opinion, there is a single theory of the cause of the incident and the liability. There are many other factors that are involved in the state court action, which are continuing to unfold. The law enforcement authorities have not completed there investigation. It is the contention

of the Mover herein that both insurance companies have a responsibility to Mover and the facts support that position. These facts, however, are facts that are put forth in the state court action. If the federal court rules in favor of Colony based on the four corners of the insurance policy, justice will be thwarted. The facts in this case direct the responsibility of the parties in conjunction with the policies.

**(2)** Whether plaintiff, Colony Insurance Company filed suit in anticipation of a lawsuit filed by defendant, Wanda's Kids' World, Inc.

It is most probable that this occurred. This is not the first time that Colony Insurance Company has filed suit in an effort to be absolved from its obligation to defend and indemnify on behalf of their insured. In New Orleans, Colony filed the same type lawsuit in the case entitled and numbered: ***Colony Insurance Company vs. Wanye's World Tubing and Canoeing, LLC, Wayne Otto Mizell, Catherine S. Mizell, James Davidson, and Lori Borne,*** Civil Action No. 07-5559, Section: C-4, United States District Court for the Eastern District of Louisiana. **(SEE ATTACHMENT B).** In this case, the Federal Judge declined jurisdiction and dismissed the action.

**(3)** Whether the plaintiff, Colony, engaged in forum shopping in bringing the suit.

Movers contend that it is obvious that Colony forum shopped in this case in order to avoid having to submit to the scrutiny of the state court, which had all of the

facts before it and all of the parties present and participating.

(4) Whether there are possible inequities in allowing the declaratory plaintiff to change forums.

Movers believe that it would be fair and just to dismiss the federal court action, at which point, should Colony desire to proceed with its action, it can do so in the existing state court action.

(5) Whether federal court is a convenient forum for the parties and witnesses.

It would be inconvenient for the defendants and witnesses to have the responsibility in two courts and in two different cases. The parties cannot escape the state court, they have all been sued and must remain their and prosecute or defend. There is only one pending matter in the federal court, which can be handled well in the state court.

(6) Whether retaining the lawsuit in federal court would be in the interest of judicial economy.

To have parallel litigation, with actions in federal court and state, would certainly weigh against the resources and time of the federal court, when the state court is going to have to review and assess all of the issues in the case. Moreover, the defendants will be affected by two lawsuits in two different and distinct forums.

In conclusion, the Movers, Wanda's Kids' World, Inc., prays that the federal

court decline jurisdiction over the action and dismiss it with prejudice.

BY ATTORNEY:

*Etta Kay Hearn*

Etta Kay Hearn, LSBRN 06716
Law Firm of Etta Kay Hearn & Associ.
1028 Swan Street
Baton Rouge, Louisiana 70807
(225) 774-7300 telephone
(225) 774-7303 fax