UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY | : | CIVIL ACTION NO. |
| | : | NO.: 09-441-JJB-DLD |
| VERSUS | : | |
| | : | JUDGE JAMES J. BRADY |
| WANDA'S KIDS' WORLD, INC. | : | |
| | : | MAGISTRATE JUDGE |
| | : | DOCIA L. DALBY |

---

## OPPOSITION TO MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Plaintiff, Colony Insurance Company ("Colony"), respectfully submits this memorandum in opposition to the Motion to Dismiss filed by Defendant, Wanda's Kids' World, Inc. ("Wanda's").

This declaratory judgment action involves issues of insurance coverage related to the death of young child in a van used to transport her to Wanda's day care center in Baton Rouge, Louisiana, on July 1, 2009. Wanda's, relying on the factors set forth in the U.S. Supreme Court's decision in *Wilton v. Seven Falls*[1], argues that the declaratory judgment action should be dismissed because there is now a state court proceeding arising out of the same incident. Colony agrees that the *Wilton* factors are applicable, but submits that an application of these factors should result in the denial of a Motion to Dismiss.

---

[1] 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed. 2214 (1995).

## I. FACTS

On July 1, 2009, a van operated by a representative of Wanda's picked up Damiyn McElveen, the three year old daughter of Betty McElveen, to transport her to Wanda's day care center located at 2839 Brady Street, Baton Rouge, Louisiana. Upon arrival at Wanda's, Damiyn McElveen was left in the van used to transport her to that location, and subsequently died as a result of hyperthermia, or over-exposure to heat.

Colony issued a commercial general liability policy to Wanda's, effective 12/03/2008 to 12/03/2009. The policy includes an Absolute Auto, Aircraft and Watercraft Exclusion, which expressly excludes from coverage "bodily injury … arising out of or resulting from the ownership, maintenance, use or entrustment to others of any … 'auto'…. Use includes operation and 'loading or unloading.'"

The exclusion further provides that: "This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the 'bodily injury' … involved the ownership, maintenance, use or entrustment to others of any 'auto.'"

Based on this exclusion, Colony filed this declaratory judgment action on July 10, 2009, requesting a declaration that its policy does not provide coverage, and that it does not owe a defense or indemnity to Wanda's resulting from the death of Damiyn McElveen. This Court has jurisdiction under 28 U.S.C. 2201, the Declaratory Judgment Act, as a case arising within its jurisdiction. There is also complete diversity and an

amount in controversy exceeding $75,000.00. Therefore, this court has jurisdiction pursuant to 28 U.S.C. 1332.

On July 30, 2009, a lawsuit was filed by Damiyn McElveen's parents, Betty McElveen and Melvin Vasquez, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, seeking damages resulting from the death of their daughter. On December 22, 2009, a First Amended Petition was filed by Betty McElveen naming Colony as a defendant and alleging that Colony provided coverage for the damages alleged. Additional Supplemental and Amending Petitions have been filed in the State Court proceedings, which have been the subject of multiple exceptions and motions. The first deposition is currently scheduled for March 9, 2010, and additional discovery has been stifled by an ongoing investigation into the incident by law enforcement. Colony has provided Wanda's a defense in the state court proceedings under a complete reservation of rights.

## II. LAW AND ARGUMENT

### A.    Abstention is Not Appropriate

As noted above, the *Wilton* factors provide guidance for whether a federal court should maintain a declaratory judgment action when there is a parallel state court proceeding. *Wilton* held that a district court should examine the scope of the pending state court proceeding and the nature of the defenses.[2] In *Agora Syndicate, Inc. Robinson Janitorial Specialties, Inc.*[3], the Fifth Circuit Court of Appeals held that a district court abuses its discretion when it abstains from considering an insurance coverage action based merely upon the existence of an underlying tort suit. Moreover,

---

[2] *Wilton*, 525 U.S. at 283, 115 S. Ct. at 2141.
[3] 149 F. 3d 371 (5th Cir. 1998).

even when the issues involved in the state and federal court are the same, there is no *per se* rule against a district court exercising its jurisdiction to resolve insurance coverage disputes.[4]    The pendency of a state court action is only one factor to consider in determining whether declaratory judgment by a federal court would serve a useful purpose.[5]    One of the primary purposes of the Declaratory Judgment Act is to promote utilitarian values of speed, economy and effectiveness.[6]    A review of the facts presented in the instant case establishes that proceeding with Colony's action in this Court promotes judicial speed, economy and effectiveness.    Hence, this Court is the proper forum for Colony's declaratory judgment action.

**B.    The *Wilton* Factors**

The Fifth Circuit has identified several nonexclusive factors for a district court to consider in deciding whether to exercise its jurisdiction over a declaratory judgment action.[7]    An assessment of these factors establishes that equity strongly favors that this Court maintain its jurisdiction over the issues presented in this declaratory judgment action.    These factors are:

1.    Whether there is a pending action in which all of the matters in controversy may be fully litigated;
2.    Whether the plaintiff [Colony] filed suit in anticipation of a lawsuit filed by the defendant [Wanda's];
3.    Whether the plaintiff engaged in forum shopping in bringing the suit;
4.    Whether possible inequities allow the declaratory plaintiff to gain precedence in time or to change forums exist;
5.    Whether the federal court is a convenient forum for the parties and witnesses; and
6.    Whether retaining the lawsuit would serve the purposes of judicial economy.

---

[4] *American States Ins. Co. v. Kearns*, 15 F. 3d 142 (9th Cir. 1994).
[5] *American Motorists Ins. Co. v. Mack*, 248 F. Supp. 1016 (E.D. Pa. 1965).
[6] *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp.2d 394 (S.D.N.Y. 2002).
[7] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).

The application of these factors to the facts presented is discussed in more detail below:

1.    *It is possible that all of the matters in controversy can be fully litigated in the pending state court proceeding, but there are considerable issues as to when, and if, this will ever occur.*

Colony submits that while it may be possible for all of the matters in controversy between the parties to be fully litigated in the pending state court proceedings, there is significant concern on the part of all parties as to when, and perhaps if, this will ever occur. As noted in the Memorandum in Support of the Motion to Dismiss, the discovery in the state court proceedings have been stifled, evidence seized, and witnesses are closed mouth due to pending investigations by law enforcement.[8] There is no indication when this necessary discovery will be able to proceed so that the issues in the state court proceedings may be resolved. The only deposition to be scheduled since the state court proceedings were filed over six (6) months ago is that of one of Betty McElveen, who is not the subject of any investigation by law enforcement. In fact, there is even now a question as to whether the other original plaintiff, the purported father of the deceased child, as legal standing to assert a claim.

In contrast, Colony's position with regard to coverage is premised on facts alleged in pleadings filed in the state court proceedings and not in dispute. Namely, that the death of Damiyn McElveen involved the ownership, maintenance, use or entrustment to others of a motor vehicle. Colony submits that the issues presented by its declaratory judgment action are ripe for consideration and will not be subject to any delay resulting from the ongoing investigations into this event by law enforcement. In *Columbia*

---

[8] See Wanda's Memorandum in Support at p. 5.

*Casualty Co. v. Georgia & Florida Railnet, Inc.*[9], the Fifth Circuit held that where an insurer's duty to defend is not at issue and it is apparent before liability is resolved in the underlying case that the policy at issue can not cover the claim, the question of indemnity under the policy may be determined in a declaratory judgment action.[10] Likewise, in the instant case, liability need not be resolved in the underlying state claim before this Court can determine the coverage issues presented in this declaratory judgment action.

> 2.    *Colony did not file this declaratory judgment action in anticipation of a lawsuit filed by Wanda's.*

Despite representations to the contrary in the Motion and Memorandum in Support, Colony's declaratory judgment action was filed prior to the state court proceedings. Colony, however, did not file the declaratory judgment action in anticipation of a contrary suit by Wanda's. In fact, in its answer filed in the state court proceeding Wanda's has not alleged that Colony's policy provides coverage, but merely asserted that the Colony's policy is the best evidence of its content and Colony agrees with this assertion.[11] Colony's sole intention in filing the declaratory judgment action was to address its obligations in light of the facts presented.

> 3.    *Colony did not engage in forum shopping in bringing this suit.*

Colony chose this forum to file its declaratory judgment action because it is proper. Colony should not be deprived of its right to a federal forum simply because alternative venues exist in which it could file a declaratory judgment action.[12] If this was improper, federal courts could never exercise jurisdiction under the Declaratory

---

[9] 542 F. 3d 105 (5th Cir. 2008).
[10] *Columbia*, 542 F. 3d at 111.
[11] See paragraph 17 of Wanda's Answer in the state court proceeding, which is attached as Exhibit "A".
[12] See *Evanston Ins. Co. v. JIMCO, Inc.*, 844 F. 2d 1185, 1193 (5th Cir. 1988).

Judgment Act based on diversity of citizenship because there would always be an alternative forum.

    *4.    Lack of possible inequities if Colony allowed to gain precedence in time or to change forums exists.*

It would be inequitable to force Colony to litigate the coverage issues presented in the state court proceedings due to the ongoing delays which have stifled the progress of those proceedings in which Colony continues to incur the expense of providing Wanda's a defense. Wanda's Motion to Dismiss is nothing more than an attempt to thwart Colony from promptly obtaining a declaration regarding its coverage obligations, which are properly before this Court.

    *5.    This Court is a convenient forum for the parties and witnesses.*

There is no difference in the convenience of the two forums for the parties and witnesses since both courts are located in Baton Rouge, Louisiana.

    *6.    Retaining the lawsuit will serve the purpose of judicial economy.*

This factor more than any other weighs heavily in favor of this Court retaining jurisdiction over Colony's declaratory judgment action. While the general rule is that a federal court should avoid duplicative or piecemeal litigations whenever possible, the unique challenges which have prevented the state court action from moving forward present this Court with the best opportunity to resolve the coverage issues presented in judicially economic, speedy and efficient manner. The resolution of the coverage issues in this forum will allow the parties to resolve these important issues away from the challenges which have stifled the parallel state court proceedings.

## III. CONCLUSION

Colony's declaratory judgment action is properly before this Court and the interest of justice weighs heavily in favor of the Court maintaining the jurisdiction granted under the Declaratory Judgment Act. There are no compelling reasons for this Court to abstain from exercising jurisdiction over this action. Consequently, it is respectfully submitted that the Motion to Dismiss should be denied.

Dated: March 8, 2010.

PERRIER & LACOSTE, LLC

*s/Rodney J. Lacoste, Jr.*
**RODNEY J. LACOSTE, JR.,**
**TRIAL ATTORNEY (#19659)**
Email: rlacoste@perrierlacoste.com
**GUY D. PERRIER (#20323)**
Email: gperrier@perrierlacoste.com
Perrier & Lacoste, L.L.C.
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel.: (504) 212-8820
Fax:  (504) 212-8825
*Attorneys for Colony Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 8th day of March, 2010, at their last known address of record.

*s/Rodney J. Lacoste, Jr.*
RODNEY J. LACOSTE, JR.