**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

COLONY INSURANCE COMPANY                    CIVIL ACTION

VERSUS                                                          NO. 09-441-JJB-DLD

WANDA'S KIDS' WORLD, INC.

## RULING ON MOTION TO DISMISS

This matter is before the Court on Defendant's, Wanda's Kids' World's ("WKW"), motion to dismiss.  (Doc. 14.)  Plaintiff, Colony Insurance Company ("CIC"), filed an opposition.  (Doc. 17.)  WKW moves to dismiss CIC's action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and under abstention doctrines due to a pending state court proceeding.   Federal jurisdiction is based on 28 U.S.C. § 1332.  Oral argument is not necessary.  For the following reasons, WKW's motion is GRANTED.

## Factual Background

CIC issued a commercial general liability insurance policy to WKW effective December 3, 2008 through December 3, 2009.  On July 1, 2009, Damiyn McElveen died while riding as a passenger in WKW's transportation vehicle during a trip to WKW's day care center.  CIC filed this complaint seeking a declaratory judgment recognizing an exclusion for auto claims in WKW's insurance policy, along with relief of a duty to defend or indemnify WKW. Subsequently, the deceased's parents filed a survival and wrongful death action in state court against CIC, which they later amended to include WKW.  Both

1

actions are still pending, with police investigations and a search for evidence ongoing in state court.

## Law and Analysis

WKW attempts to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. However, there is no issue concerning subject matter jurisdiction because the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met and the case is ripe for adjudication, as addressed below.  Instead, the issue here is whether dismissal of the declaratory judgment action is appropriate under federal abstention principles.

Before addressing abstention, the Court turns to the ripeness issue as raised by CIC.  Courts cannot rule on a declaratory judgment action unless the controversy is ripe for adjudication.  *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967).  A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.  *Texas v. United States*, 523 U.S. 296, 300 (1998).

CIC relies on *Columbia Casualty Co. v. Georgia & Florida Railnet Inc.* to argue this case is ripe.  542 F.3d 106 (5th Cir. 2008).  In *Columbia*, the Fifth Circuit ruled on a declaratory judgment action by an insurer seeking relief of a duty to defend, a duty to indemnify and finality of the insured's policy coverage.  *Id.* at 109.  Despite ongoing evidence investigations in state court proceedings, the court held that the federal case was ripe for consideration because it was

2

apparent before resolution of the underlying case that the policy at issue could not cover the claim. *Cf. id.* at 111 (finding that evidence pending at state court level would not effect the insured's policy coverage).

Here, the evidence and investigations pending in state court will not affect WKW's policy coverage because there is little doubt that McElveen's death "involved the ownership, maintenance, use or entrustment to others of any 'auto.'"[1]  The clear language in WKW's auto claims exclusion makes it apparent before liability is resolved in the underlying case that WKW's policy will not cover the state claim.  Therefore, this case is ripe for review.  Nevertheless, it is within the Court's discretion to abstain from ruling on a declaratory judgment action. *Travelers Ins. Co. v. LA Farm Bureau Federation Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

The Declaratory Judgment Act provides in pertinent part:

"In a case of actual controversy within its jurisdiction … any court of the United States upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

28 U.S.C.A. § 2201(a) (2010).

Federal district courts should consider six factors in deciding whether to abstain in declaratory judgment actions. *Id.*  Those factors include: (1) whether there is a pending state court action in which all of the matters in controversy

---

[1] Compl. ¶ 7 (doc. 1).

may be litigated; (2) whether plaintiff filed suit in anticipation of a lawsuit filed by defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether there are possible inequities in allowing the declaratory plaintiff to change forums; (5) whether federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would be in the interests of judicial economy. *Id.*; *see also St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). These factors are not exhaustive, mandatory or exclusive. *Colony Ins. Co. v. Wayne's World Tubing & Canoeing*, No. 07-5559, 2007 WL 4547498, at *3 (E.D. La. Dec. 18, 2007).

WKW cites several cases in support of its abstention analysis, including *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983); *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); and *Charlton v. Selective Insurance Co. of America*, No. 09-00333, 2010 WL 457117 (N.D.N.Y. Feb. 4, 2010). However, these cases are inapplicable because they addressed abstention issues unrelated to declaratory judgment actions. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (finding that courts should not look outside declaratory judgment actions to serve as precedent for declaratory judgment rulings); *see also Travelers*, 966 F.2d at 778. Similarly, CIC incorrectly references *Agora Syndicate Inc. v. Robinson Janitorial Specialties Inc.* in its argument against abstention. 149 F.3d 371 (5th Cir. 1998). In *Agora*, the insurer was not a party to the lawsuit in state court. *Id.* at 373. This weighed heavily in the Fifth Circuit's determination against

4

dismissal. *Id.* Here, CIC is a party to the pending state action. Therefore, *Agora* is inapplicable to this analysis. *See Wayne's World Tubing*, 2007 WL 4547498, at *4 (finding *Agora* is inapplicable to an abstention analysis where the insurer is party to the state action). Ultimately, because *Travelers* governs abstention jurisprudence in declaratory judgment actions, the court confines its analysis to the above referenced factors. *Travelers*, 996 F.2d at 778.

Under the first factor, the Court acknowledges that all matters may be litigated in state court and the state claim involves all parties to this complaint. WKW argues that disputed facts, ongoing investigations, and continual compilation of evidence in state court will affect WKW's insurance coverage under CIC's policy. WKW further argues that the unavailability of all possible information regarding coverage prevents the Court from making a fair ruling, and therefore, the Court should defer to the state court to decide the matter of coverage. CIC counters that the evidence necessary to determine the scope of the insurance policy coverage is undisputed and not based on any of the pending investigations.

As discussed above, the evidence and investigations pending in state court will have no effect on WKW's policy coverage because there is little doubt that McElveen's death "involved the ownership, maintenance, use or entrustment to others of any 'auto'" as excluded in WKW's policy.[2] Nevertheless, the issue before the Court is abstention, not ripeness. As such, the first factor favors WKW

---

[2] Compl. ¶ 7 (doc. 1).

because of the pending state action in which all parties are part and all matters may be litigated. *See Wayne's World Tubing*, 2007 WL 4547498, at *3 (finding that pending parallel state actions in which all matters in controversy may be litigated and in which all parties are part favors abstention).

Regarding the second factor, WKW argues, and the Court agrees, that CIC's motive in filing the complaint in anticipation of a lawsuit is evidenced by CIC's past action. In 2007, CIC filed a similar complaint seeking a declaratory judgment against one of its insured. *Id.* at *1. The district court dismissed the action, finding that all factors favored abstention. *Id.* at 4. CIC filed this action before WKW filed in state court. This fact, coupled with CIC's previous legal history, as evidenced by *Wayne's World Tubing*, weighs heavily in WKW's favor on the second factor.

Regarding the third factor, WKW argues that CIC's complaint is an attempt to forum shop and absolve itself of the prolonged responsibility, duty to defend, and scrutiny of the state court. However, WKW fails to cite why the federal legal system favors CIC over state court. Therefore, the Court recognizes that CIC is master of the complaint, and this factor favors CIC. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding that plaintiff is master of the complaint).

Regarding the fourth factor, WKW contends that isolating this declaratory judgment action from all other claims and parties in the current litigation would lead to inequities against WKW. Here, the record reflects only minimal inequities

6

to CIC, such as continued delays and expense to CIC at the state court level.[3] Moreover, the Court recognizes the *res judicata* effect a federal judgment would have on the state proceedings. *See Wayne's World Tubing*, 2007 WL 4547498, at *4 (finding that the *res judicata* effect of a federal judgment would have a negative effect on state court proceedings). Therefore, the fourth factor supports WKW.

Regarding the convenience of the forum, WKW argues that the federal forum is inconvenient because separate courts limit WKW's resources and ability to be effective in either instance. However, the Court fails to see the inconvenience of the district court given its same location as the pending state court. *See Sphere Drake Ins. Co. v. Tiger Tennis Camp*, 839 F. Supp. 403, 405 (M.D. La. 1993) (finding that parallel federal and state court trials both in Baton Rouge was not an inconvenient forum). Therefore, the forum is proper given the same location of the courts. This factor favors CIC.

Finally, WKW argues, and the Court agrees, that retaining the lawsuit in federal court would weigh heavily against the interest of judicial economy. *See Wayne's World Tubing*, 2007 WL 4547498, at *4 (finding that judicial economy is not served if a suit is brought in federal court which could be decided in a pending state court action). Although CIC points out the general rule in avoiding duplicative or piecemeal litigations, CIC misinterprets the effect of repetitive cases on the judicial economy by contending that separate trails will promote the

---

[3] Opp'n to Mot. to Dismiss 7 (doc. 17).

speed, economy and effectiveness of the judiciary due to the delays pending in state court.  *See Sphere*, 839 F. Supp at 405 (finding that it is within the interests of judicial economy to have all issues resolved in one forum).  This factor weighs heavily in support of WKW.

Accordingly, the balance of the *Traveler's* factors support abstention. Therefore, Wanda's Kids World's motion to dismiss (doc. 14) is hereby GRANTED.

Signed in Baton Rouge, Louisiana, on June 9th, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**